UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GLOBAL BROTHER SRL**,

    Plaintiff,                                                  Case No. 8:24-cv-02903-WFJ-CPT

v.

**SHIXIAOLONG**, and **DOES 1–10**,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff Global Brother SRL's ("Plaintiff") Motion for Final Default Judgment against Defendants Shixiaolong and Does 1-10 (jointly, "Defendants"). Dkt. 29. The Court has granted Plaintiff's Motion for Final Default Judgment via endorsed order. Dkt. 27. Defendants have not taken any action nor appeared in this matter, and the time to do so has expired. Accordingly, this written Order follows the Court's prior endorsed order and grants in part and denies in part Plaintiff's Motion for Final Default Judgment.

## BACKGROUND

Plaintiff is a Romanian company that publishes, sells, and advertises books in the United States and internationally. Dkt. 1 ¶ 9. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with the book titled "The Holistic Guide to Wellness" and "Forgotten Home Apothecary." *Id.* Plaintiff

1

owns U.S. Copyright Registrations TX0009246277, VA0002425155, TXu002445163, TXu002446715, VAu001538856, and VAu001533601 related to the two books. *Id.* ¶ 11.

This case arises from Defendants' unauthorized promotion, advertisement, distribution, sale, or offering for sale of goods on Amazon.com. *Id.* ¶¶ 13–14. Defendants owned and operated the seller pages associated with the infringing Amazon listings. *Id.* Using online tools, Plaintiff determined that Defendants are located in China at East House, 4th Floor, Unit 1, Building 6, Wenxi Garden, Jianshe Road, Meixi Street, Wolong District, Nanyang City, Henan Province, China. *Id.* ¶ 10.

Plaintiff filed its Complaint, alleging: Copyright Infringement pursuant to 17 U.S.C. § 501 (Count I); Unfair Competition and False Designation of Origin pursuant to 15 U.S.C. § 1125(a) (Count II); DMCA Misrepresentation pursuant to 17 U.S.C. § 512(f) (Count III); Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to Fla. Stat. § 501.204 (Count IV); Unjust Enrichment pursuant to common law principles (Count V); and Tortious Interference with Business Relationships pursuant to common law principles (Count VI). *Id.* at 12–21. Plaintiff seeks a permanent injunction preventing Defendants' unauthorized use of Plaintiff's intellectual property and statutory damages under the Copyright Act. *Id.* at 21–22.

## LEGAL STANDARD

Courts may enter final default judgment against a party who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2). As the Eleventh Circuit notes, a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DISCUSSION

### I.   Plaintiff's Claims

*a.  Count I: Copyright Infringement*

As to Count I, Copyright Infringement under 17 U.S.C. § 501, Plaintiff must prove "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Compulife Software, Inc. v. Newman*, 111 F.4th 1147, 1156 (11th Cir. 2024) (citation modified) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)).

Here, Plaintiff has sufficiently alleged its ownership of valid copyrights, Dkt. 1 ¶¶ 11, 20 (asserting Plaintiff's ownership of a copyright for the text and the cover art for both "The Holistic Guide to Wellness" (TX0009246277 and VA0002425155) and "Forgotten Home Apothecary" (TXu002445163, TXu002446715,

VAu001538856, and VAu001533601)), and Defendants' violative copying, *id.* ¶¶ 13, 14, 21 ("Defendants, without authorization or consent, have willfully and unlawfully reproduced, distributed, and displayed counterfeit copies of Plaintiff's copyrighted books."), thus fulfilling all elements necessary for Count I.

    b. *Count II: Trademark*

As to Count II, Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a), Plaintiff must prove "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997)). Although a trademark need not necessarily be registered to be enforceable, *Matal v. Tam*, 582 U.S. 218, 225, (2017) ("Without federal registration, a valid trademark. . . may still be enforceable under [15 U.S.C. § 1125(a)], which creates a federal cause of action for trademark infringement"), the content sought to be protected must still be protectable by trademark. Generally, the title of a singular book cannot be registered as a valid trademark—however, such a title may be protectable upon a showing of secondary meaning. *See Herbko Int'l v. Kappa Books*, 308 F.3d 1156, 1162 n.2 (Fed. Cir. 2002) ("While titles of single works are not registrable, they may be protected under section 43(a) of the Lanham Act upon a

4

showing of secondary meaning."); *EMI Catalogue Partn. v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 63 (2d Cir. 2000) ("Titles of works of artistic expression, including films, plays, books, and songs, that have acquired secondary meaning are protected from unfair competition under § 43(a)."); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1084 (S.D. Cal. 2017) (citation modified) ("Because most courts view book titles as descriptive, something more is needed to protect titles under trademark law—namely, secondary meaning.").

Here, Plaintiff has sufficiently alleged it had unregistered, but enforceable trademark rights in both the cover design and the titles for the books at issue, Dkt. 1 ¶¶ 11, 12, 26–28 ("Plaintiff owns enforceable common law trademark and trade dress rights in and to (a) the non-functional, unique designs of the book covers and (b) titles "The Holistic Guide to Wellness" and "Forgotten Home Apothecary" . . . [and] Plaintiff's Trademark is inherently distinctive and/or has acquired distinctiveness and secondary meaning."), and that Defendant adopted the marks in a manner that was likely to confuse customers, *id.* ¶¶ 13, 14, 29 ("Defendants' unauthorized use of Plaintiff's trade dress, title, and overall design constitutes false misleading representations of fact that is likely to cause confusion or mistake"), thus fulfilling all elements necessary for Count II.

### c. Count III: DMCA Misrepresentation

As to Count III, DMCA Misrepresentation under 17 U.S.C. § 512(f), Plaintiff "must prove by a preponderance of the evidence that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation to remove or disable access to the material claimed to be infringing; and (3) the plaintiff was injured as a result." *Mishiyev v. UMG Recordings, Inc*, No. 8:23-CV-1942-MSS-NHA, 2025 WL 2624425, at *2 (M.D. Fla. Sept. 11, 2025) (citation omitted).

Here, Plaintiff has sufficiently alleged that Defendants made a knowing and material misrepresentation that copyright infringement occurred, Dkt. 1 ¶¶ 33, 34 ("Defendants knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notices filed with Amazon . . . [and] they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth."), and that Plaintiff was injured as a result of Defendants' misrepresentation, *id.* ¶ 35 ("As a result of Defendants' misrepresentations, Plaintiff has suffered and will continue to suffer damages."). Although, it is not sufficient for a DMCA Misrepresentation claim for Defendants to have merely submitted a misleading counter-notice, *id.* ¶ 16 ("Defendants filed a Counter-Notice with Amazon, falsely claiming that the takedown was made in error."), Amazon must have acted upon this. *See* 17 U.S.C. § 512(f) (emphasis added) ("Any person who

knowingly materially misrepresents under this section . . . shall be liable for any damages . . . as the result of the service provider *relying upon such misrepresentation in removing or disabling access* to the material or activity claimed to be infringing."). Thus, because Plaintiff fails to allege that Amazon relied on Defendants' misrepresentation to remove Plaintiff's product(s), all elements necessary for Count III are not sufficiently alleged. Default judgment on Count III is denied.

### d. Counts IV–VI: Florida Law Claims

As to Count IV, the claim of Violation of the FDUTPA pursuant to Fla. Stat. § 501.204, Plaintiff must establish: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

Here, Plaintiff has sufficiently alleged Defendants' deceptive act or unfair practice, Dkt. 1 ¶ 38 (alleging "Deceptive Representation of the Book's Origin, . . . False and Misleading Advertising, . . . [and] Use of a Knockoff Product to Mislead Consumers."), causation, *id.* ¶ 40 ("As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff has suffered significant harm."), and actual damages, *id.* ¶ 40 ("Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and

goodwill, and consumer confusion that undermines trust in Plaintiff's authentic product."), thus fulfilling all elements necessary for Count IV.

As to Count V, common law Unjust Enrichment, Plaintiff must establish: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Gutierrez v. Sullivan*, 338 So. 3d 971, 975 (Fla. 3d DCA 2022) (citing *Hillman Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)); *see Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004).

Here, Plaintiff has not sufficiently alleged that it conferred a benefit on Defendant and that Defendant knowingly and voluntarily accepted and retained such a benefit. The foundation of Plaintiff's claim is that "Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill." Dkt. 1 ¶ 49. In other words, Plaintiff's own allegations establish that any benefit Defendant obtained was the result of Defendant's unauthorized actions, not Plaintiff's affirmative conferral. Thus, because Plaintiff fails to allege that it conferred a benefit which Defendant accepted, all elements necessary for Count V are not sufficiently alleged. Default judgment on Count V is denied.

As to Count VI, common law Tortious Interference with Business Relationships, Plaintiff must establish: "(1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1304, 1309 (M.D. Fla. 2025) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)). Furthermore, the party claiming tortious interference with business relations must "establish that the defendant's conduct caused or induced the breach that resulted in the plaintiff's damages." *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, 767 F. Supp. 3d 1331, 1348 (M.D. Fla. 2025) (quoting *Chi. Title Ins. Co. v. Alday-Donalson Title Co. of Fla.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002)).

Here, Plaintiff has sufficiently alleged the existence of a business relationship with Amazon, Dkt. 1 ¶ 54 ("Plaintiff has established and ongoing business relationships with . . . Amazon."), Defendants' knowledge of the relationship, *Id.* ¶ 55 ("Defendants, with knowledge of these relationships, intentionally and unjustifiably interfered."), Defendants' intentional and unjustified interference with this relationship, *id.* ¶ 55 ("Defendants . . . intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding

consumer trust in Plaintiff's authentic product."), and damage to Plaintiff, *id.* at 21[1] ("As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered significant harm."), thus fulfilling all elements necessary for Count VI.

Therefore, the well-pled factual allegations of Plaintiff's Complaint adequately allege the elements for Counts I, II, IV, and VI, but not for Counts III and V. *See generally* Dkt. 1. Through their silence and inaction, Defendants have admitted their liability to these Counts. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

## II.   Injunctive Relief

Section 502(a) of the Copyright Act specifically provides for injunctive relief. Courts may issue injunctions for such matters "as it may deem reasonable to prevent or restrain infringement of a copyright." *See Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499, n. 17 (11th Cir. 1984). Injunctions are regularly issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. National Educational Support System, Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993).

Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money. There is no evidence that Defendants have

---

[1] On pages 20–21, Plaintiff repeats the numbering of paragraphs 49, 50, and 51.

stopped infringing Plaintiff's works or mark, or that, absent an injunction, Defendants will stop. Thus, without an injunction, Plaintiff's works would remain vulnerable to continued, repeated infringement.

In light of the scope and nature of Defendants' infringement, the need to protect Plaintiff's copyrighted works, and the public interest, the Court grants the requested injunction, prohibiting Defendant from infringing any of Plaintiff's copyrighted works or trademarks.

### III.  Damages

Under the Copyright Act, plaintiffs may elect statutory damages per infringed work instead of seeking either actual damages or disgorgement of profits by Defendants. 17 U.S.C. § 504(a). Such damages may be awarded for each individual work that was infringed. *See Nintendo of Am. v. Ketchu*m, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993) (awarding statutory damages for each video game infringed as to which Nintendo owned copyrights).

Statutory damages may be assessed in the range of $ 750 to $ 30,000 per infringement in the Court's discretion or, upon a finding of willfulness, statutory damages may be assessed up to $ 150,000 per infringement. 17 U.S.C. Section 504(c). "The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228,

233 (1952). Furthermore, the prevailing party in a copyright action may be awarded reasonable attorney's fees. 17 U.S.C. § 505.

Here, Plaintiff has established that Defendant infringed its copyrights and satisfied the reasoning to award attorneys' fees under § 505. Thus, pursuant to 17 U.S.C. §§ 504 and 505, the Court grants an award of $60,000.00 ($30,000 for each work). The Court also deems Plaintiff eligible for an award of attorneys' fees, and finds Dkt. 29-4 sufficient to award same: $1,495.00.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion for Final Default Judgment, Dkt. 29, is **GRANTED IN PART**, as to Counts I, II, IV, and VI of Plaintiff's Complaint, and **DENIED IN PART**, as to Counts III and V of Plaintiff's Complaint.

(2) Default Judgment is entered in favor of Plaintiff Global Brother SRL and against Defendant Shixiaolong, and the Court grants permanent injunctive relief and statutory damages as follows.

(3) Defendants are **PERMANENTLY RESTRAINED AND ENJOINED** from:
   a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring the infringing products;
   b. Using Plaintiff's copyrighted works or trademarks in a manner prohibited by law; and

    c. Transferring, destroying, concealing, or in any way altering assets resulting from Defendants' actions or use of Plaintiff's works or evidence relating to same, including but not limited to all computer files relating to the use of the works.

(4) Plaintiff is awarded $60,000 in statutory damages pursuant to 17 U.S.C. § 504(c), plus $1,495.00 in fees. Total is $61,495.00 for which let execution issue.

(5) The Clerk is **DIRECTED** to **ENTER FINAL DEFAULT JUDGMENT** in favor of Plaintiff Global Brother SRL against Defendant Shixiaolong in accordance with this conclusion, and to **CLOSE** this matter.

**DONE AND ORDERED** in Tampa, Florida, on October 30, 2025.

                                                  */s/ William F. Jung*
                                                  **WILLIAM F. JUNG**
                                                  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record